IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 3:2004-7-001 |
| v. ) | |
| ) | |
| DAVID W. MITCHELL, ) | JUDGE GIBSON |
| ) | |
| Defendant. ) | |

# Memorandum Opinion and Order

**GIBSON, J.**

This matter comes before the Court on the Petitioner, David W. Mitchell's (hereinafter "Petitioner") Motion to Vacate Sentence and Set Aside Guilty Plea (Document No. 79). Because the Court finds no merit to the motion, the Court will deny the motion without ordering a response to be filed by the Government. *See* 28 U.S.C. § 2255, Rules 4-5 Governing § 2255 Proceedings.

The Petitioner cites to three bases for the relief requested in his motion: 1) "Violations to the Constitution and laws of the United States of America"; 2) "Violations of due process"; and 3) Ineffective assistance of counsel." Petitioner's Motion, ¶¶1-3. The Court will review the Petitioner's motion in two parts: 1) a motion to vacate sentence; and 2) a motion to set aside his guilty plea.

At the Petitioner's sentencing before this Court, it was noted on the record that the Petitioner and the Government had entered into a plea agreement which the Court accepted. One of the terms of the plea agreement was the Petitioner's waiver of his "right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence." Plea Agreement Letter (Document No. 49), p. 3. This

agreement was signed by the Petitioner. *Id.*, p. 6. Once the Court accepted the plea agreement of the parties and sentenced the Petitioner based upon such agreement he waived his right to file a motion to vacate sentence or otherwise collaterally attack his conviction and sentence.[1] Thus, the petitioner's motion to vacate sentence is denied.

In regard to the Petitioner's motion to set aside his guilty plea, the Petitioner alleges various inadequacies in the representation provided by his legal counsel prior to his sentencing, in failing to secure a reduction in sentence for his possible cooperation with the Government and after his sentencing in failing to file an appeal. Petitioner's Brief (Document No. 80). However, it was clear from the plea agreement between the parties that a limited reduction of the Petitioner's offense level score was being given, no motion pursuant to United States Sentencing Guideline § 5K1.1 was offered by the Government and the ability to file a direct appeal of this matter was limited by the terms of the plea agreement. *See* Plea Agreement Letter (Document No. 49).

A motion to set aside guilty plea filed after a sentence has been imposed can only be presented through a direct appeal or a collateral attack, *e.g.* motion to vacate sentence pursuant to 28 U.S.C. § 2255. FED. R. CRIM.P. 11(e); *United States v. Cannistraro*, 734 F.Supp. 1110, 1119 (D.N.J. 1990). A collateral attack has been described as "any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered, or by appeal." *United States Guaranty and Fidelity Co. v. Housing Authority of the City of Popular Bluff, Missouri*, 885 F.Supp. 194, 197 (E.D.Mo. 1995). Black's Law Dictionary defines "collateral attack" as "[a]n attack

---

[1] The Court notes that as part of its colloquy with the Defendant at the time of the entry of his guilty plea the Defendant was asked whether he understood that he was waiving these appeal rights by entering into the plea agreement and entering his guilty plea and he responded affirmatively that he did understand that he was waiving these rights.

2

on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective." BLACK'S LAW DICTIONARY 278 (8th ed. 2004).  Clearly, the Petitioner's motion to set aside guilty plea is not a direct appeal to the Court of Appeals of the Third Circuit, but is a collateral attack on his sentence filed in this Court, the sentencing Court.  The Petitioner having waived his "right to file any other collateral proceeding attacking his conviction or sentence", the Court finds that it must dismiss the Petitioner's motion to set aside guilty plea.[2] Plea Agreement Letter, p. 3.

In accordance with Third Circuit Local Appellate Rule 22.2,[3] this Court must now determine if a certificate of appealability should issue to the Petitioner. It is unclear whether the Court's denial of the Petitioner's motion based upon his explicit written waivers before the Court classifies as a ruling upon the merits or a denial based upon a procedural ground. The Court will thus analyze its ruling in

---

[2] Had the Court reached the merits of the Petitioner's motion absent his waiver, the Court would still deny the motion as the Petitioner's claims of ineffective assistance of counsel lack merit in that the record does not reveal that the Petitioner's counsel would fail the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) approved of in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) for challenges regarding the plea process. The Court finds that the representation by defense counsel for the Petitioner did not fall below "an objective standard of reasonableness" and that even if the representation by the Petitioner's defense counsel did fall below such a standard, it has not been demonstrated that his acts "prejudiced" the Petitioner to the point of causing him to plead guilty rather than proceed to a trial by jury; the alleged error of counsel in *Hill* concerned the eligibility of the defendant for parole, and the incorrect advice as to parole eligibility was not contended to have affected the defendant's decision to plead guilty. *Hill* at 57-59, 106 S.Ct. 366, 369-370, 88 L.Ed.2d 203, 209-210 (1985).

[3] Local Appellate Rule 22.2 reads: At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge shall state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk shall enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue.

the alternative and in doing so concludes that a certificate of appealability is not warranted under either characterization.

The Court views its decision on the motion as a denial on the merits to the extent that the denial is based upon the Petitioner's waiver of his substantive rights and there are no substantive rights for the Court to enforce regarding the deficiency in the Petitioner's legal counsel's performance from a substantive view of the Petitioner's claims; the Petitioner's motion is not being denied because of his failure to follow a procedural rule, a failure to comply with a statute of limitations or a failure to present his motion in a correct form. From a procedural standpoint, the denial of the Petitioner's motion based upon his waiver of all collateral attacks could be considered a procedural bar to the extent an evaluation of the Petitioner's arguments was not used as the primary basis for the denial of the motion.

After the denial of the Petitioner's claims on the merits, the Court may issue a certificate of appealability if "the petitioner ...demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000). "Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"" *Miller-El v. Cockrell*, 537 U.S 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931, 949 (2003).

As a result of the analysis above, the Court will not issue a certificate of appealability to the Petitioner pursuant to 28 U.S.C. § 2253(c). This conclusion is reached based on the merits because there is no evidence of record that the Petitioner did not waive his right to file a motion to vacate or any

4

other collateral proceeding. Additionally, the evidence of record in this matter when presented at a trial by jury does not demonstrate that the Petitioner's defense at trial was prejudiced by the failure of his trial counsel to file a suppression motion or take other tactical actions requested by the Petitioner. In the absence of a showing of prejudice, the Court cannot find that reasonable jurists would debate the Petitioner's claims or find this Court's conclusion incorrect. Thus, there has been no substantial showing that any of the Petitioner's constitutional rights were denied.

If the Court's denial of the Petitioner's motion is considered a decision based upon procedural grounds, the Court would still deny the certificate of appealability for the following reasons: the Court finds that jurists of reason would not debate the validity of the Petitioner's constitutional claims or the Court's correctness in its procedural ruling. *See Slack* at 484-485, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555 (2000). This is because the Petitioner's waiver, if considered procedural, is clear from the record, and an evaluation of the merits demonstrates that defense counsel's actions had not fallen below "an objective standard of reasonableness" and if they had, the Petitioner has not demonstrated how that would have caused him to proceed to a jury trial in light of the Government's evidence that would have supported a guilty verdict. If the Petitioner's waiver of his right to file a motion to vacate under 28 U.S.C. § 2255 or other collateral proceeding is considered a procedural bar, no reasonable jurist could disagree that the Petitioner's waiver was clear and unequivocal, that this Court was correct to dismiss the Petitioner's motions and that the Petitioner may not proceed any further . *Slack* at 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542, 555.

5

AND NOW this 16th day of October 2006, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Petitioner's Motion to Vacate Sentence and Set Aside Guilty Plea (Document No. 79) is DENIED; IT IS FURTHER ORDERED THAT a certificate of appealability is DENIED pursuant to 28 U.S.C. § 2253(c).

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE