## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:2004-7-001 |
| | ) |
| DAVID W. MITCHELL, | ) JUDGE GIBSON |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant's "Motion to Correct an Illegal Sentence

Pursuant to Fed.R.Crim.Proc. Rule 35(a)" (Document No. 112). The Government has failed to file a

response to this motion.

The nature of Federal Rule of Criminal Procedure 35 has evolved over time and its remedies

have changed. One leading treatise characterizes the scope of the redress the rule provides as follows:

> The remedies available under Rule 35 must be distinguished from 28 U.S.C.A.
> § 2255. Even before the 1987 amendments narrowing relief under the rule, the statutory
> remedy was far broader. Relief under Section 2255 has included all grounds for
> collateral attack on the conviction, while the rule has reached only attacks on the
> sentence imposed under a valid conviction. Relief under the rule now is even more
> constrained, limited only to correction of technical errors or reduction of sentence under
> specified circumstances. The rule is broader than the statute in one respect; a defendant
> cannot use the statutory remedy unless he is in custody.

3 CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE

§ 583 (3d ed. 2004)(footnotes omitted). The Defendant states in his motion that he is currently

incarcerated in a Commonwealth of Pennsylvania correctional institution serving a state sentence and

has not yet begun his federal sentence rendered by this Court. Therefore, it is clear that the Defendant

cannot seek relief pursuant to 28 U.S.C. § 2255. The Court now turns to the issue of whether the Defendant may obtain a correction of his sentence under Rule 35.

In support of his motion, Defendant cites Rule 35(a), which reads: **"(a) Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical or other clear error."

Defendant argues that the presentence report (hereinafter "PSR") prepared for purposes of his sentencing contains mistakes at paragraphs seventeen, thirty-seven, thirty-eight and forty. Specifically, the Defendant argues that the convictions set forth in paragraphs thirty-seven and thirty-eight are not felonies under Pennsylvania law, and therefore, paragraph seventeen, reflecting a base offense level of twenty-four points pursuant to United States Sentencing Guideline § 2K2.1(2) is incorrect; rather the Defendant claims that § 2K2.1(4) with a base offense level of twenty should be applied. Defendant's Motion, pp. 1-3. The Defendant also argues that the crime of criminal mischief, to which he plead guilty under Pennsylvania law on May 11, 2004, should not be considered as it was a "petty crime." Defendant's Motion, pp. 2,3.

The Defendant's Motion fails for three reasons. First, it is untimely; Rule 35(a) requires a motion filed pursuant to this section be filed within seven days. The Third Circuit has already found that the failure to move within this brief time period is a basis to dismiss such a motion. *See U.S. v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005). The reference made by the Defendant to the ability of the Court to "correct an illegal sentence at any time" refers to the substance of Rule 35(a) that applied to offenses committed prior to November 1, 1987; this language no longer exists within Rule 35(a). *See* Fed. Rules Cr. Proc., Rule 35, 18 U.S.C.A.

2

Second, Rule 35(a) was not established to allow sentencing courts to reconsider rulings with regard to sentencing guidelines calculations:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines

Fed.R.Cr.P. 35, advisory committee's note, 1991 amendments. The Defendant seeks to have this Court review its findings of fact and conclusions of law with respect to the past crimes the Defendant committed and the application of the sentencing guidelines to such crimes. This is not the type of error contemplated by this rule. The Court understands the errors contemplated in Rule 35(a) to be clerical errors, not legal errors or errors resulting from an exercise of discretion. The Defendant's arguments would be appropriate to raise in a direct appeal of the sentence imposed, but the Defendant failed to make such an appeal to the Third Circuit Court of Appeals.

Third, even if Rule 35(a) could be interpreted to permit review of the error alleged by the Defendant and the Defendant met the seven day deadline of the rule, the Defendant's substantive arguments are without merit. Initially, the Defendant attempts to classify the predicate offenses described in paragraphs thirty-seven, thirty-eight and forty in terms of their classification under Pennsylvania law. The guidelines and policy statements of the United States Sentencing Guidelines controlled the calculations within Defendant's PSR, not Pennsylvania law. United States Sentencing

3

Guideline § 2K2.1(2) applied to the prior convictions in paragraphs thirty-seven and thirty-eight, both of which were convictions for simple assault under Pennsylvania law. Defendant contends that both of the simple assault convictions were not felonies under Pennsylvania law although they were considered felonies pursuant to the sentencing guidelines, causing § 2K2.1(2) and its base offense level of twenty-four to apply instead of § 2K2.1(4) and its base offense level of twenty. The Defendant's argument fails to take into account the application note accompanying § 2K2.1 relied upon in paragraph seventeen of the presentence report with respect to felony convictions:"'Felony Conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1 cmt n.1 (2004) . § 2K2.1 also considers any crime committed by the Defendant at the age of eighteen or older or committed under the age of eighteen, but "classified as an adult conviction", as an adult conviction. *Id.* Therefore, Defendant's substantive argument fails.

Next, with regard to the two points assessed for the conviction for criminal mischief at paragraph forty of the PSR, the Defendant argues that these two points "should not have been taken into account because it was a petty crime." Defendant's Motion, p. 3. Despite the Defendant's reliance upon the Sixth Amendment right to a jury trial to argue that his conviction for criminal mischief at paragraph forty of the PSR should not be assessed two criminal history points, the Court does not find this a viable Constitutional challenge. The absence of the right to a jury trial has no bearing upon the fact that it was a criminal conviction that is relevant for purposes of the Defendant's federal sentence. U.S. SENTENCING GUIDELINES MANUAL § 4A1.1, introductory cmt. (2004). It is noted that jury trials

4

are not generally required under the Constitution for "petty" crimes (crimes that typically carry a punishment of no more than six months imprisonment, *see Lewis v. U.S.*, 518 U.S. 322, 325-326, 116 S.Ct. 2163, 2166-2167, 135 L.Ed.2d 590, 595-596). The Defendant was convicted of criminal mischief under Pennsylvania law, was sentenced to "45 days to 90 days' incarceration," *see* PSR, p. 11, and pursuant to § 4A1.1(b) two points were assessed for "prior sentence[s] of imprisonment of at least sixty days not counted in [ § 4A1.1](a)." U.S. SENTENCING GUIDELINES MANUAL § 4A1.1 (2004). The Defendant's argument fails as to the assessment of the two criminal history points in paragraph forty of the PSR.

An appropriate Order follows.

**AND NOW**, this 4th day of April, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant's Motion to Correct an Illegal Sentence Pursuant to Fed.R.Crim.Proc. Rule 35(a) is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

5